IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL TERRY,                          CIVIL DIVISION

                    Plaintiff;          Docket No.:

vs.


CITY OF PHILADELPHIA,


                                        **COMPLAINT IN CIVIL ACTION**


                    Defendant.          Filed on behalf of Plaintiff:
                                        MICHAEL TERRY


                                        Counsel of Record for this Party:
                                        Steven Auerbach, Esquire, LL.M.
                                        Law Office of Steven T. Auerbach
                                        822 Montgomery Ave.
                                        Suite 210
                                        Narberth, PA. 19072
                                        Ph:   (215) 964-4410
                                        Fax: (610) 667-7305
                                        Auerbach.Steven@gmail.com
                                        Pa. I.D. #317309



                                        JURY TRIAL DEMANDED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL TERRY, | ) | CIVIL DIVISION |
| Plaintiff; | ) | |
| | ) | Docket No.: |
| vs. | ) | |
| | ) | |
| CITY OF PHILADELPHIA, | ) | |
| Defendant. | ) | |

## I. COMPLAINT IN CIVIL ACTION

Plaintiff Michael Terry ("Mr. Terry" or "Plaintiff"), by and through his undersigned counsel, Law Office of Steven T. Auerbach, hereby files this Complaint against the City of Philadelphia ("Defendant")(together, the "Parties), and in support thereof, avers as follows:

## II. INTRODUCTION

1.      This action is brought to remedy claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq* ("Title VII"); the Pennsylvania Human Relations Act, 43 PA. Cons. Stat. § 951 *et seq* ("PHRA"); and under the Philadelphia Fair Practices Ordinance, 9 Phila. Code § 1101 *et seq* ("PFPO").

2.      More specifically, Plaintiff seeks redress for a continuing hostile and retaliatory hostile environment, together and along with claims of disparate treatment and retaliation which consisted of frequently-repeated anti-black slurs, degrading anatomical remarks, acts of physical intimidation, and disparate enforcement of Defendant policies and allocation of overtime earning opportunities.

3.      Consequently, Plaintiff seeks injunctive and declaratory relief; economic, compensatory, and punitive damages; attorneys' fees, and all other appropriate relief pursuant to governing law.

## III. JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of Title VII, a federal law. There lies supplemental jurisdiction over Plaintiff's PHRA and PFPO claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

5.      This Court may properly maintain personal jurisdiction over Defendant because its contact with this Commonwealth and this judicial district are sufficient for the exercise of jurisdiction, complying with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S, 310 (1945), and its progeny.

6.      Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendant a "resident" of the Eastern District of Pennsylvania.

## IV. PARTIES

7.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.      Plaintiff is an African American adult citizen of the United States and is a resident of Philadelphia, Pennsylvania.

9.      At all times relevant to this action, Plaintiff was and remains an "employee" of Defendant within the meaning of Title VII, the PHRA, and the PFPO.

10.     Defendant is a city and municipality organized under the laws of Pennsylvania and maintains a principal place of business in Philadelphia, Pennsylvania.

11.     Defendant is engaged in industries affecting interstate commerce and regularly conducts business in the Commonwealth of Pennsylvania.

12.     Defendant has and continues to employ over five hundred (500) employees per calendar year for at least the last five (5) years, and engages in a variety of revenue-generating business activities.

13.     At all times relevant to this action, Defendant operated and operates the Philadelphia Sheriff's Department (the "Sheriff's Department") which is a department responsible for the safety of Philadelphia Courtrooms. Plaintiff is currently employed in the Sheriff's Department as a Deputy Sheriff's Officer ("DSO") in the Transportation Unit.

14.     At all times relevant to this action, Defendant was the "employer" of the Plaintiff within the meaning of Title VII, the PHRA, and the PFPO.

15.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

18.     From May 9, 2017 through the present, Plaintiff filed a series of oral and written complaints with Defendant Captains, Internal Affairs ("IAD"), and the Mayor's Office of Labor Relations ("ERU") regarding the mistreatment that he and others endured by supervisor, Mr. Robert Castelli ("Mr. Castelli").

19.     Because Defendant failed to abate Mr. Castelli's abuse, Plaintiff filed a timely charge of continuing employment discrimination and retaliation with the the Pennsylvania Human Relations Commission ("PHRC") on January 21, 2019 and directed same to cross-file with the United States Equal Employment Opportunity Commission ("EEOC").

20.     By operation of Plaintiff's administrative filing, and with respect to his Title VII and PFPO claims, this Court is authorized to review all discrete discriminatory and retaliatory acts that occurred on or after March 27, 2018. With respect to his PHRA claims, this Court is authorized to review all discrete discriminatory and retaliatory acts that occurred on or after July 25, 2018. All "continuing-violations," however, may be reviewed, regardless of timing, provided that there is a showing of adverse action of the same type that have occurred both before and after the above dates. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115-16 (2002).

21.     Plaintiff received his "Right to Sue" notice from the EEOC after May 5, 2022.

22.     Plaintiff commenced the initial, unamended action within ninety (90) days of receipt of this notice.

## VI. FACTUAL ALLEGATIONS

23.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

24.     In October of 2005 and extending through the present (the "Term of Employment"), Plaintiff worked for Defendant in a variety of capacities.

25.     Throughout the Term of Employment, Plaintiff consistently demonstrated excellent performance and dedication to the Defendant. Plaintiff performed his job duties and responsibilities in a highly competent manner and has routinely received positive feedback.

## ADVERSE EMPLOYMENT ACTIONS

26.     Throughout the Term of Employment, Plaintiff reported to Mr. Castelli (White).

27.     Defendant has failed to sufficiently train or supervise Mr. Castelli.

28.     Consequently, Defendant permitted or failed to prevent Mr. Castelli's sexualized posturing of Plaintiff's co-workers. For example:

   a.   On June 6, 2017, Mr. Castelli said of Plaintiff's co-worker, Mr. David Rosenblit, that his "nose was bigger than his cock;"

   b.   On October 8, 2018, Mr. Castelli called Plaintiff a "Pussy, Pussy, Pussy;" and

   c.   On January 23, 2019, Mr. Castelli pointed to a used tampon on the floor and asked Mr. Rosenblit if it was his.

29.     Defendant permitted or failed to prevent Mr. Castelli's sexually/asexually-charged, anti-Black posturing of Plaintiff. For example:

   a.   On December 12, 2018, Mr. Castelli glared at Plaintiff and called him a "Black Pussy;"

   b.   On May 1, 2017, Mr. Castelli ridiculed Plaintiff by saying that he "Must have not given [a female Philadelphia Court of Common Pleas Judge] his Black cock;"

   c.   On January 1, 2017, Mr. Castelli disparaged Plaintiff by volunteering that a co-worker, Belinda Cruz, would "Never fuck a Black man like him;"

   d.   In 2009, said that he was on the " 'Black List[1]' with 3 others (African Americans);

30.     Defendant permitted or failed to prevent Mr. Castelli's racial intimidation and threatening of Plaintiff. For example:

   a.   On February 17, 2015, Mr. Castelli told Plaintiff that he enjoyed "beating the shit out of a black man;"

   b.   On November 8, 2018, Mr. Castelli followed Plaintiff into a secluded bathroom and said, "You're not tough, Pussy;"

   c.   On November 8, 2018, Mr. Castelli referred to Plaintiff as a "Pussy, Pussy, Pussy;"

---

[1] A group of perceived undesirable Black men.

    d.  On January 31, 2019, Mr. Castelli positioned himself outside of camera view and stared Plaintiff down; and

    e.  In 2014, on October 27, 2017, and again on August 23, 2019, Mr. Castelli stalked Plaintiff at his home in the middle of the night.

31.    Defendant permitted or failed to prevent its own and Mr. Castelli's disparate enforcement of its policies against Plaintiff. For example:

    a.  On June 22, 2017, Mr. Castelli disciplined Plaintiff for his permitting prisoners to wear designer belts in court, a rule not enforced against White DSOs; and

    b.  On January 18, 2018, Mr. Castelli ignored Plaintiff's request for sick assistance.

32.    Defendant disparately treated Plaintiff because of his race and/or because of his below-described protected activity. For example:

    a.  On March 21, 2021, Defendant ceased offering Plaintiff overtime and doubletime-earning opportunities. On information and belief, Plaintiff is the only DSO in Plaintiff's unit not to earn overtime and/or doubletime; and

    b.  On May 10, 2021, Defendant transferred Plaintiff from the Criminal Justice Court to Traffic Division Courthouse, a division with less prestige and fewer promotional opportunities.

33.    The repeated anti-black slurs, degrading anatomical remarks, acts of physical intimidation against Plaintiff is severe harassment.

34.    Plaintiff's race was a substantial motivating factor in this harassment.

35.    Plaintiff believes, and therefore avers, that were he not an African American, he would not have been treated in this manner.

36.    This harassment detrimentally affected Plaintiff's mental health through feelings of depression and anxiety.

37.    This harassment would detrimentally affect a reasonable person in like circumstances.

PROTECTED ACTIVITY

38.    On multiple occasions, from May 9, 2017 through the present, Plaintiff filed oral and written complaints of Mr. Castelli.

39.    These complaints related to anti-Black harassment that Plaintiff endured or other forms of prohibited discrimination that Plaintiff observed and opposed. For example:

  a.  On May 9, 2017, Plaintiff complained to IAD that he believed he was the victim of discrimination and retaliation by Mr. Castelli; and

  b.  In the Summer of 2017, Plaintiff complained to Captain Evans that Mr. Castelli had said of Mr. Rosenblit (a Jewish man), that "his nose was bigger than his cock" and on multiple occasions disparaged his ethnic food.

40.    Plaintiff also opposed Mr. Castelli's unlawful actions by participating in Defendant investigations. For example:

  a.  On August 22, 2019, Plaintiff was interviewed by the ERU.

41.    As indicated above, Plaintiff engaged in activity protected under Title VII, the PHRA, and the PFPO.

42.    Shortly after engaging in protected activity, Defendant retaliated against Plaintiff. For example:

  a.  On August 22, 2019, Plaintiff was interviewed by the ERU;

  b.  On August 23, 2019, Mr. Castelli stalked Plaintiff at his home.

43.     Defendant's repeated anti-black slurs, degrading anatomical remarks, acts of physical intimidation against Plaintif were sufficiently adverse as to potentially dissuade a reasonable worker from making or supporting a charge of discrimination.

44.     Defendant's actions are causally-connected to Plaintiff's protected activity by sequence, by unusually suggestive temporal proximity, and by the non-isolated pattern of antagonism.

45.     The above-referenced actions are severe and/or pervasive retaliation which changed the terms and conditions of Plaintiff's employment.

46.     Plaintiff believes, and therefore avers, that had he not participated in protected activity, he would not have been treated in this manner.

47.     The above-referenced actions detrimentally affected Plaintiff through mental anguish and a loss of wage.

48.     A reasonable person in like circumstances would be similarly affected.

## COUNT I: TERRY V. CITY OF PHILADELPHIA
### -Title VII-
### Discriminaiton, Retaliation, Hostile Environment, & Retaliatory Hostile Environment

49.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

51.     Defendant's actions, as set forth above, has created a hostile work environment for Plaintiff, which Defendant County unreasonably failed to prevent, remedy, and/or correct.

52.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

53.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

54.     No previous application has been made for the relief requested herein.

### COUNT II: TERRY V. CITY OF PHILADELPHIA
### -PHRA-
### Discriminaiton, Retaliation, Hostile Environment, & Retaliatory Hostile Environment

55.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PHRA.

57.     Defendant's actions, as set forth above, has created a hostile work environment for Plaintiff, which Defendant County unreasonably failed to prevent, remedy, and/or correct.

58.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

59.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

60.     No previous application has been made for the relief requested herein.

### COUNT III: TERRY V. CITY OF PHILADELPHIA
### -PFPO-
### Discriminaiton, Retaliation, Hostile Environment, & Retaliatory Hostile Environment

61.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

62.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PFPO.

63.     Defendant's actions, as set forth above, has created a hostile work environment for Plaintiff, which Defendant County unreasonably failed to prevent, remedy, and/or correct.

64.     The Defendant's wrongful acts were done with a reckless or callous disregard of, or indifference to, the rights and safety of Plaintiff.

65.     As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

66.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

67.     No previous application has been made for the relief requested herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a.  Issue a declaratory judgment that the acts, policies, and practices complained herein are in violation of Title VII, the PHRA, and the PFPO; and

b.  Enjoin the Defendants from continuing its acts, policies, and practices which violate Title VII, the PHRA, and the PFPO; and

c.  Direct Defendant to reinstate/promote Plaintiff to the position he would have occupied but for the Defendant's unlawful conduct, making him whole for all earnings he would have received but for the Defendant's unlawful conduct, including but not limited to wages, overtime, bonuses and other lost benefits; and

d.  Direct the Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, with interest, in amounts to be determined at trial; and

e.  Direct the Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial; and

f.  Grant an award of costs of suit, expert fees and other disbursements, along with reasonable attorneys' fees;

g.  Grant an award of punitive damages against the Defendants for their violations of the PFPO; and

h.  Grant such other relief as the Court deems necessary and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF STEVEN T. AUERBACH

By: _____

Steven Auerbach, Esquire, LL.M.
822 Montgomery Ave.
Suite 210
Narberth, PA 19072
(215) 964-4410
Auerbach.Steven@gmail.com


*Attorney for Plaintiff*

Dated: July 22, 2022

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Terry

## DEFENDANTS
City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Steven T. Averback
822 Montgomery Ave. #210
Narberth PA 19072   (215) 964-9416

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                         *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [X] 230 Rent Lease & Ejectment | [X] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, PHRA, PFPO
Brief description of cause:
Employment Discrimination + Retaliation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  7/22/22

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 2272 Saint Vincent Street. Philadelphia, PA 19149 _____

Address of Defendant: _____ 1515 Arch St. Philadelphia, PA 19102 _____

Place of Accident, Incident or Transaction: _____ Philadelphia _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ - _____          Judge: _____ - _____          Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/22/2022          *Must sign here*          317309

_____          _____          _____
                                   *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Steven Auerbach _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:
- ☑ Relief other than monetary damages is sought.

DATE: 07/22/2022          *Sign here if applicable*          317309

_____          _____          _____
                                   *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)